# CASES

## IN THE

# SUPREME JUDICIAL COURT,

### OF THE

# STATE OF MAINE.

---

JOHN N. STEWART *vs.* BELFAST FOUNDRY COMPANY.

Waldo.    Opinion December 27, 1878.

*New trial.    Harmless error.    Verdict.    Exclusion of evidence.*

A harmless error is no ground for granting a new trial.

A new trial will not be granted for the erroneous admission or exclusion of evidence, if the finding of the jury is such as to render the error harmless.

In an action to recover the contract price for covering a building with gravel roofing, a recoupment was claimed in defense for an alleged breach of warranty and for bad work.    Evidence that the roof leaked having been introduced, an offer was made to show the effect of the leakage upon the machinery and other property in the building, and was excluded.    The jury returned a verdict for the plaintiff for the full amount of the contract price.    *Held,* that the finding necessarily negatived the plaintiff's liability for the leakage complained of, and evidence of its effect upon the building, or the property within it, or the chances for renting it, became immaterial and its exclusion harmless.

ON MOTION AND EXCEPTIONS.

ASSUMPSIT, for labor and materials on the roof of the defendants' foundry.

The plea was the general issue.    The verdict was for the plaintiff, for the contract price and interest from the date of the writ.

The defendants moved to set the verdict aside, and also alleged exceptions stated in the opinion.

*J. Williamson*, with *A. G. Jewett*, for the defendants.

*W. H. McLellan & G. E. Wallace*, for the plaintiff.

WALTON, J.   A harmless error is no ground for granting a new trial.   A new trial will not be granted for the erroneous admission or exclusion of evidence, if the finding of the jury is such as to render the error harmless.   If a defendant's liability for an injury is negatived, evidence relating solely to the amount of damage becomes immaterial, and its exclusion harmless.   This rule applies to plaintiffs as well as defendants.   If a defendant attempts to recoup the plaintiff's damages, and his right to recoup is negatived, the erroneous exclusion of evidence relating solely to the amount of the recoupment becomes harmless, and will be no ground for granting a new trial.

The error complained of in this case, is of this description:   It is an action to recover the contract price for covering a building with what is called the New England Gravel Roofing.   In defense a recoupment was claimed for an alleged breach of warranty and for bad work.   Evidence that the roof leaked having been introduced, an offer was made to show the effect of the leakage upon the machinery and other property in the building, and the opportunities for renting it.   The evidence was excluded.   For what reason, does not appear.   The question is whether its exclusion is sufficient ground for a new trial.   We think not.   The jury returned a verdict for the plaintiff for the full amount of the contract price of the work done by him, and interest from the date of the writ, deducting only what had already been paid.   This finding necessarily negatives the plaintiff's liability for the leakage complained of, and evidence of its effect upon the building, or the property within it, or the chances for renting it, became at once immaterial and its exclusion harmless.   The exceptions must therefore be overruled.

The motion for a new trial upon the ground that the verdict was against the weight of evidence, was expressly waived at the

argument of the case before the law court, and need not be considered. The exceptions only were relied upon.

> *Motion and exceptions overruled.*
>
> *Judgment on the verdict.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.